**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-204C
(Filed: May 19, 2016)

```
* * * * * * * * * * * * * * * * * * *
```

IKE SHAWNDALE NUNN,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

```
* * * * * * * * * * * * * * * * * * *
```

**FILED**

MAY 1 9 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

In October 2011, plaintiff was found guilty of first-degree murder in Arkansas and was sentenced to 40 years in prison. Plaintiff's complaint, filed on February 8, 2016, stems from this trial and subsequent prison sentence. The complaint claims that plaintiff did not receive a fair trial because his counsel failed to investigate certain evidence, including plaintiff's mental condition. The complaint further asserts that the State of Arkansas violated federal law by convicting plaintiff, despite his innocence. According to the complaint, plaintiff has been unjustly deprived of his liberty by the state.

Defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") on April 8, 2016. Defendant argues that the court lacks jurisdiction over plaintiff's complaint because plaintiff's claim is not founded upon a contract with the United States or a money-mandating provision of the Constitution, federal law, or federal regulation.

We agree with defendant. Pursuant to the Tucker Act, this court has jurisdiction over monetary claims founded upon the Constitution, statutes, regulations, or contracts with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, claims made pursuant to the Constitution, federal law, or regulations

must be founded upon a money-mandating provision in order for this court to exercise jurisdiction. *See Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605 (1967).

The complaint does not state a claim founded upon a money-mandating provision. Plaintiff claims that he was denied effective assistance of counsel during his trial and that he is being unjustly deprived of his liberty by the State of Arkansas. The first claim relies on the Sixth Amendment, while the second falls under the Due Process Clause of the Fourteenth Amendment. This court has held that neither provides a basis for jurisdiction in this court, as neither provision is money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Hall v. United States*, 89 Fed. Cl. 102, 110 (2009).

We thus grant defendant's motion to dismiss. The clerk of court is directed to enter judgment accordingly. No costs.

/s/ Eric Bruggink
ERIC G. BRUGGINK
Senior Judge